**Delenick Appeal**

*Lester Krasno,* for appellant.

*Drew S. Dorfman,* for Department of Environmental Resources.

DENWORTH, Member, September 30, 1975.

## DISCUSSION

This is an appeal from an order of the Department of Environmental Resources directing appellant to cease all operation of his landfill and to take certain steps to terminate the operation. At the hearing in this matter, the department moved for summary judgment on the ground that appellant had admitted he was operating without a permit as required by the Pennsylvania Solid Waste Management Act of July 31, 1968, P.L. 788, 35 PS §6001, et seq., and that the order is, therefore, valid as a matter of law. Because of appellant's assertion at the hearing that he had applied for a permit, the examiner directed the taking of testimony as to the status of appellant's application. Although that testimony indicated that appellant was not making any real effort to obtain a permit, the examiner reserved judgment as to whether or not the Department's renewed request for summary judgment should be granted simply on the ground that appellant did not

have a permit, and heard testimony from a witness for the department as to the operational violations at appellant's landfill. That testimony, which consisted of slides and commentary by the department's inspector of solid waste disposal facilities in Schuylkill County, showed numerous violations of chapter 75 of the department's rules and regulations, 25 Pa. Code §§75, et seq., governing the operation of landfills. It appears on cross-examination that some, though nowhere near all, of these defects had been corrected by the time of the hearing. However, as we are deciding this case simply on the ground that appellant does not have a permit and is not taking appropriate action to see that he gets a permit, it is unnecessary for us to consider further the operational violations that exist at the landfill.

The department in this case asked for, and received, an admission from appellant that he does not have a permit to operate his landfill. While we recognize that a permit is absolutely required by section 7 of the Solid Waste Management Act, supra, we will not, especially at this relatively early stage of the application of the law, uphold a cease and desist order solely because of the lack of a permit where it is shown that an appellant has an application for a permit pending and is diligently acting to obtain that permit. Here, however, the facts indicate that appellant made a token gesture of compliance by applying for a permit in August of 1974; but since being informed that the application was incomplete, he has taken no significant action (despite his assertion that he intends to comply with the law) to obtain a permit. Apparently, he believes that landfill will be full in about six more months of operation and, therefore, he does not want to go to the trouble and expense of changing his operation so as to secure a permit. (The department's

witness, however, believes that the landfill has three more years of capacity and that appellant intends to go on operating.) Under the facts of this case, it is clear that appellant is violating the provisions of the Solid Waste Management Act by operating without a permit and that the department's order must be upheld on that ground alone. . . .

### CONCLUSIONS OF LAW

1. The board has jurisdiction over the subject matter of this action and over the parties.

2. Where appellant is operating a sanitary landfill without a permit and, after the filing of an incomplete application, has taken no further steps to secure a permit from the department, appellant is violating section 7 of the Pennsylvania Solid Waste Management Act and, therefore, the department's order to cease operation of the landfill and to follow certain termination procedures must be upheld.

### ORDER

And now, September 30, 1975, the department's order to appellant directing him to cease all operation of his landfill and to take certain termination procedures is sustained, and the appeal is dismissed.